**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN M. BILLY,** | : | **CIVIL ACTION NO. 1:11-CV-1577** |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **OFFICER DANIEL PEIPER**, *et al.*, | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 10th day of July, 2013, upon consideration of the Report and

Recommendation of United States Magistrate Judge Susan E. Schwab (Doc. 67),

recommending that Peiper's motion to dismiss (Doc. 29) be granted and that plaintiff's

amended complaint (Doc. 28) be dismissed, and, following an independent review of the

record, it appearing that neither party has objected to the magistrate judge's report and

recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1.    The Report and Recommendation of Magistrate Judge Schwab (Doc. 67) are ADOPTED.

2.    Defendant Peiper's motion to dismiss (Doc. 29) is GRANTED.

3.    Plaintiff's amended complaint (Doc. 28) is DISMISSED with prejudice as to Peiper.

4.    The above-captioned case is REMANDED to Magistrate Judge Schwab for further proceedings.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.